## RANNEY v. TEMPLIN.

1. **Practice**: WITHDRAWAL OF AMENDMENT: OBJECTION AFTER VERDICT. Where, in an action before a justice of the peace, a demurrer to the petition was sustained and the petition amended; and after trial an appeal was taken to the Circuit Court, where the amendment was withdrawn and the case tried to a jury without objection, it was held that the defendant could not after verdict raise the objection that there was no issue before the court for trial.

*Appeal from Johnson Circuit Court.*

WEDNESDAY, JUNE 23.

ACTION UPON ACCOUNT. Trial by jury; verdict and judgment for plaintiff. Defendant appeals.

*Boal & Jackson,* for appellant.

*E. B. Woodruff* and *Edmunds & Younkin,* for appellee.

ADAMS, CH. J.—The action was brought originally before a justice of the peace. The plaintiff averred in his petition in substance that he was, in August, 1877, a keeper of a public hotel in Glenwood, Iowa; that as such hotel keeper he furnished board to one J. S. Templin, a son of the defendant; that he also at the same time furnished him medical attendance and medicine, all which were of the value of twenty-nine dollars; that on the 31st day of August, 1877, the defendant telegraphed plaintiff and wrote him, requesting him to care for his son, and to furnish him whatever he needed, and promising to pay for the same.

To the petition the defendant demurred, upon the ground that it did not show whether the account accrued before or after the telegram and letter, and upon the ground that the petition contained no bill of particulars. The justice of the peace sustained the demurrer. Thereupon, the plaintiff

Ranney v. Templin.

amended his petition by adding thereto these words: "The plaintiff claims nothing against the defendant which was contracted or incurred before the date of the letter and telegram."

Thereupon the parties proceeded to trial upon the petition as amended, and judgment was rendered for the plaintiff. The case having been appealed by defendant to the Circuit Court, the plaintiff withdrew his amendment, and the parties proceeded to trial. A jury was called, and a verdict was rendered for the plaintiff. The defendant then filed a motion in arrest of judgment, and upon ground which is stated in these words: "Because there was no cause of action against the defendant or issues to try when the cause was tried, and no issues to be tried of record at the time of said trial, nor is there any petition or issue now between the parties on file or of record upon which said trial could be had, or said verdict could be rendered, or on which the same can be maintained or stand, to-wit: because after the trial had been commenced in this court upon appeal from a justice of the peace upon issues joined upon the amended petition, which was filed before the justice after demurrer had been filed to the original petition, and sustained, and on which amended petition trial was had before the justice, the plaintiff withdrew the amended petition, and left the demurrer to the original petition, as sustained by the justice, on file and in force, as sustained by the justice, thus leaving of record no claim on the part of plaintiff to try, and no issue in said cause to be tried, and said cause was submitted to the jury and tried without issue joined."

The court overruled the motion and the defendant excepted.

Two questions are certified to us in these words:

"1st. Should the plaintiff have been permitted to withdraw his amendment to his petition filed before the justice of the peace, and proceed to trial upon the original petition to

which the justice had sustained a demurrer, the answer remaining on file and not withdrawn?"

"2nd.. Should the court have overruled the motion for arrest of judgment?

While the motion assumes that the amended petition was withdrawn, the bill of exceptions and the questions certified show that only the amendment was withdrawn. Again, while the motion assumes that the withdrawal was after the trial had commenced, the bill of exceptions shows that it was made upon the case coming on for trial, and before any testimony had been introduced.

No objection appears to have been made to the withdrawal, nor does any question appear to have been raised in regard to its propriety. The parties proceeded as if there was an issue to be tried. Evidence was introduced upon both sides, and the objection that there was no issue was raised only after verdict. Now, while it is true that if there was no issue in the case no judgment could be rendered, yet there was a petition on file, and there was such issue as was tendered by the petition, unless the petition was a nullity. The defendant claims in effect that it was.

In our opinion, it could not properly be so regarded. It was competent for the plaintiff to amend in the Circuit Court, and what he did was nothing more than amending. Something was still left which he relied upon as his petition. The defendant, by proceeding to trial, virtually asked the court to determine the issues tendered by the petition. After verdict, we think, it was too late to say that the petition was a nullity.

In addition to the motion filed for arrest of judgment, the defendant filed a motion to set aside the verdict, and for a new trial, and a question is certified to us in these words:

"3d. Should the court have overruled the motion of defendant to set aside the verdict and for a new trial in view of the case as tried and the evidence in the cause?"

This question is as broad as the motion for a new trial. It

is of no service whatever in pointing out the question upon which it is deemed desirable to have the opinion of this court. It does not conform to Rule 12 of the rules of court, and cannot, we think, properly be considered by us.

In our opinion the judgment of the Circuit Court must be

AFFIRMED.